## COMMISSIONER OF INTERNAL REVENUE v. PERKINS.
### No. 3418.

Circuit Court of Appeals, First Circuit.
June 13, 1939.

Joseph M. Jones, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Earl C. Crouter, Sp. Assts. to Atty. Gen., on the brief), for Commissioner.

Charles M. Rogerson, of Boston, Mass. (Roger W. Hardy, of Boston, Mass., on the brief), for Perkins.

Before WILSON, Circuit Judge, and PETERS and SWEENEY, District Judges.

SWEENEY, District Judge.

A petition for review brings this case before us. The Commissioner of Internal Revenue had determined that deficiencies existed in the respondent's income taxes for the years 1934 and 1935 in the amounts of $227.67 and $1,287.14, respectively. The Board of Tax Appeals reversed the determination of the Commissioner to the extent that reduced the deficiencies to $57.11 for 1934 and $400.58 for 1935. It is the action of the Board of Tax Appeals that the petitioner seeks to have reviewed.

There is no dispute over the facts in the case, it having been submitted to the Board on the pleadings and a stipulation.

The issue is whether income under the will of Frederick W. Perkins, paid to and received by his two daughters, is taxable to his wife, the respondent here. The will contained a residuary clause in which certain property was devised and bequeathed to his wife and the Boston Safe Deposit and Trust Company, in trust, however, with directions to pay the net income to his wife until the youngest living daughter should reach the age of twenty-five, and thereupon the trust was to cease and the trust property was to be divided in equal shares among the children. The sixth paragraph of the will provided that the trustees "shall, during the lifetime of my wife, pay to * * * my issue, or shall accumulate for them or any of them, such sum or sums out of the income as my wife shall in writing request."

Mrs. Perkins received the income up to October 1, 1934, and thereafter received none. On that date, she executed and delivered the following instrument to her co-trustee:

"October 1, 1934.
"Boston Safe Deposit and Trust Company,
Trustee u/w Frederick W. Perkins
b/o Yolande V. Perkins and others,
Boston, Massachusetts.

"Gentlemen: In pursuance of the provisions of Articles Fifth and Sixth of the will of Frederick W. Perkins, you are hereby directed from and after this date to pay the net income from said Trust to my two daughters, Emily and Yolande, in equal shares.

"Very truly yours,
"(Sgd.) Yolande V. Perkins."

From October 1, 1934, the income was paid to the daughters in accordance with the directions contained in the above instrument.

On December 11, 1936, Mrs. Perkins executed and delivered to her co-trustee

the following instrument which is self-explanatory:

"December 11, 1936.

"Boston Safe Deposit and Trust Company and Yolande V. Perkins, Trustees under will of Frederick W. Perkins, for the benefit of Yolande V. Perkins and others.

"Dear Sirs and Madam: In my directions to you of October 1, 1934, given in pursuance of the provisions of Articles 5 and 6 of the will of Frederick W. Perkins, and directing you from and after that date to pay the net income of the trust to my two daughters, Emily and Yolande, in equal shares, it was my intention that such direction should be final and complete, eliminating me as a beneficiary from that date forward and substituting as the beneficiaries under the will my two daughters in equal shares in accordance with the provisions of said will. This direction is in accordance with the provisions of the will and for the purpose of removing any doubt as to my intentions or as to the effect of said direction to you, and so that said direction might have the full force and effect to that end, and so that I might not hereafter or after said date of said earlier direction have any right to change, alter, revoke, or amend said direction.

"Very truly yours,

"(Sgd.)  Yolande V. Perkins."

The Commissioner of Internal Revenue determined that deficiencies existed in the respondent's returns for the years 1934 and 1935 on the ground that the income paid to the daughters after October 1, 1934, was in fact and law taxable to Mrs. Perkins.

The Board of Tax Appeals determined that the Commissioner was in error in assessing this tax on income not received by the taxpayer, and reduced the deficiencies accordingly.

The Government contends that the trust income was "subject to the taxpayer's unfettered command", and that the test of taxability is the power and right to receive income. It urges that there was no assignment of the income or the trust property, and that therefore the income was constructively received by Mrs. Perkins, even though paid by her direction to her daughters, and was taxable to her.

In King v. United States, 1 Cir., 84 F. 2d 156, this court decided that similar directions to a trustee to pay over income were ineffective to relieve the taxpayer from liability. The facts in the King case were that the directions to pay over came from a person who was receiving income under a so-called spendthrift trust. Her power to anticipate and assign future income was entirely lacking by the terms of the instrument which set up the trust. That situation does not prevail in the instant case.

■ Mrs. Perkins' powers to alienate were not only unrestricted by the trust instrument, but she was particularly empowered to do the very thing that she did. A close reading of the sixth paragraph of the will leads to the conclusion that the testator had in mind that sometime during her lifetime Mrs. Perkins might, in her best judgment, decide that the income payable under the will to her might be better used for the education, maintenance, advancement and support of her issue, and that paragraph contained a particular provision charging the co-trustee with the duty of paying income to the daughters if Mrs. Perkins should in writing request such action. The writing executed by Mrs. Perkins on October 1, 1934, complies fully with the directions contained in the sixth clause. After the receipt of that instrument the co-trustee was duty bound to pay the income over to the daughters. After that time Mrs. Perkins received no income, had no right to receive it, and hence the net income of the trust after that date was not taxable to her.

■ The Government further contends that the instrument was not on its face an irrevocable transfer, and urges that, because the possibility of revoking the instrument existed, the income was in law taxable to Mrs. Perkins. The instrument itself contains no power to revoke, and the law seems to be well-settled that, in the absence of such a power, the transfer is complete. See Thorn v. Lund, 227 Mass. 474, 116 N.E. 946, Ann.Cas.1918B, 1204.

The decision of the Board of Tax Appeals is affirmed.